IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rene Benitez, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:23-cv-02751-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Edgefield Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Rene Benitez ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Respondent filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 21). The court subsequently issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the procedures and the possible consequences if he failed to adequately respond to the motion. (ECF No. 22). Petitioner filed a response to the motion. (ECF No. 27).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant the alternative motion for summary judgment. (ECF No. 34). The magistrate judge advised Petitioner of his right to file objections to the Report. *Id.* at 14. The Report was mailed to Petitioner at his last known address, (ECF No. 35), and was returned as undeliverable.[1] (ECF No. 36). Petitioner was previously ordered to keep the court informed of his

---

[1] Thereafter, Petitioner filed a contested motion for leave to supplement his petition and record to include medical records which were attached to the motion. (ECF No. 37). Out of an abundance of caution, the court GRANTS the motion. Notably, the Commission considered mitigating factors

1

current mailing address and was warned of the consequences of failing to do so. (ECF No. 7 at 2). The Report was remailed to Petitioner at the same address,[2] (ECF No. 38), and, this time, it was not returned to the court as undeliverable. Petitioner subsequently filed an unopposed motion for an extension of time to file objections to the magistrate judge's report and recommendation. (ECF Nos. 41, 42). The court granted in part the motion, granting Petitioner twenty-one (21) days rather than the requested thirty (30) days to file objections to the Report. (ECF No. 43). This order was mailed to Petitioner at his last known address, (ECF No. 44), and was not returned to the court as undeliverable. Accordingly, he is presumed to have received it. Petitioner, however, did not file any objections to the Report, and the deadline to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the

---

that included Petitioner's medical conditions in deciding to deny his parole. (ECF No. 21-6 at 1). The court has reviewed the attached medical records and the information included therein; however, applying the limited standard of review involving an agency decision, the court finds that these records do not affect the court's decision to grant summary judgment. *See Garcia v. Neagle*, 660 F.2d 983, 988 (4th Cir. 1981) (indicating the limited standard of review of the District Court in reviewing agency action).

[2] Though the initial returned envelope indicated Petitioner was "released," the Bureau of Prisons' webpage indicated that Petitioner remained housed at Federal Correctional Institution (FCI) Edgefield. Federal Bureau of Prisons: Find an Inmate, search "First Name: Rene, Last Name: Benitez[,]" https://www.bop.gov/inmateloc/, (last visited July 8, 2024). Accordingly, the court remailed the Report to the same address. Additionally, when Petitioner filed his motion for leave to file medical records, the envelope indicated Petitioner was housed at FCI Edgefield. (ECF No. 37-2).

magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 34), and incorporates it herein. Thus, the motion for summary judgment (ECF No. 21) is **GRANTED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
July 9, 2024